UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

          v.

SPONGETECH DELIVERY SYSTEMS, INC.,
RM ENTERPRISES INTERNATIONAL, INC.,
STEVEN Y. MOSKOWITZ, MICHAEL E.
METTER, GEORGE SPERANZA, JOEL
PENSLEY, and JACK HALPERIN,

          Defendants.

Civil Action
No. 10-CV-2031 (DLI)

---

## ORDER GRANTING
## PRELIMINARY INJUNCTION,
## ASSET FREEZE, AND OTHER RELIEF

On the Application of Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") for an Order:

a) preliminarily enjoining Defendant Spongetech Delivery Systems, Inc. ("Spongetech") from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c) & 77q(a)] and Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), and 15(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(B)], and 78o(d), and Exchange Act Rules 10b-5, 12b-20, 13a-13 and 15d-1, 15d-11, and 15d-13 [17

C.F.R. §§ 240.10b-5, 12b-20, 13a-1 & 13a-13, 15d-1, 15d-11, and 15d-13];

b) preliminarily enjoining Defendant RM Enterprises International, Inc. ("RM Enterprises") from violating Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c) & 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5];

c) preliminarily enjoining Defendant Steven Moskowitz ("Moskowitz") from violating Sections 5(a), 5(c), and 17(a) of the Securities Act, Sections 10(b) and 13(b)(5) of the Exchange Act, Exchange Act Rules 10b-5, 13b2-1, 13b2-2, and 15d-14, and Section 304 of the Sarbanes-Oxley Act of 2002, from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 15(d) of the Exchange Act and Exchange Act Rules 12b-20, 13a-13, 15d-1, 15d-11, and 15d-13;

d) preliminarily enjoining Defendant Michael Metter ("Metter") from violating Sections 5(a), 5(c), and 17(a) of the Securities Act, Sections 10(b) and 13(b)(5) of the Exchange Act, Exchange Act Rules 10b-5, 13b2-1, 13b2-2, and 15d-14, and Section 304 of the Sarbanes-Oxley Act of 2002, from aiding and abetting violations of Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 15(d) of the Exchange Act and Exchange Act Rules 12b-20, 13a-13, 15d-1, 15d-11, and 15d-13;

e) preliminarily enjoining Defendant George Speranza ("Speranza") from

violating Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5, and from aiding and abetting violations of Sections 10(b) of the Exchange Act and Exchange Act Rule 10b-5;

f) preliminarily enjoining Defendants Joel Pensley ("Pensley") and Jack Halperin ("Halperin") from violating Sections 5(a), 5(c), and 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Exchange Act Rule 10b-5;

g) that Defendants Spongetech, RM Enterprises, Metter, Moskowitz, Speranza, Pensley, and Halperin provide an accounting of monies and shares of Spongetech stock that they received and the disposition of such monies and stock;

h) prohibiting Defendants Spongetech, RM Enterprises, Metter, Moskowitz, Speranza, Pensley, and Halperin from altering or destroying documents;

i) prohibiting Defendant Metter, Moskowitz, Speranza, Pensley, and Halperin from engaging in any offering of penny stock pursuant to Securities Act Section 20(g) [15 U.S.C. § 77t(g)] and Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)];

j) preliminarily freezing the assets of Defendants Spongetech, RM Enterprises, Metter, and Moskowitz to retain such assets for distributions to the victims of the scheme;

k) preliminarily barring Defendants Pensley and Halperin from providing professional services to any person or entity in connection with the offer or

sale or securities, including but not limited to, participating in the preparation or issuance of any attorney opinion letter related to such offerings; and

l)  granting such other relief as this Court may deem just and proper.

The Court has considered (1) the Complaint filed by the SEC on May 5, 2010; (2) the Declarations of Christine Neal, Charles Davis, and Stephen Glascoe; (3) the memorandum of law in support of Plaintiff the SEC's application; and (4) exhibits attached to the SEC's application.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act, has been made for the relief granted herein, and that Plaintiff SEC has made a substantial showing that: (i) the defendants have engaged in the violations charged in the complaint, (ii) there is a reasonable likelihood that these violations will continue, (iii) unless restrained and enjoined by order of this Court, defendants and relief defendant may dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order of disgorgement and prejudgment interest or an order to pay civil penalties in this action.

1.  The Court finds that Plaintiff SEC has demonstrated a likelihood of success in establishing that:

(a)  Defendants Spongetech, RM Enterprises, Metter, Moskowitz, Pensley, Halperin, and Speranza have violated, and Defendant Speranza has aided and abetted Spongetech's, Metter's, and Moskowitz's violations, and unless temporarily restrained, will continue to violate, or aid and abet

4

        violations of, Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5, as charged in the Complaint;

    (b)    Defendants Spongetech, RM Enterprises, Metter, Moskowitz, Pensley, Halperin, and Speranza have violated, and unless temporarily restrained, will continue to violate, Sections 5(a) and (c) of the Securities Act, as charged in the Complaint;

    (c)    Defendants Spongetech has violated, and Defendants Metter and Moskowitz have aided and abetted Spongetech's violations, and unless temporarily restrained, will continue to violate, or aid and abet violations of, Sections 13(a), 13(b)(2)(A), 13(b)(2)(B), and 15(d) of the Exchange Act, and Exchange Act Rules 12b-20, 13a-13 and 15d-1, 15d-11, and 15d-13, as charged in the Complaint.

2.    The Court also finds that an order freezing the assets of Defendants Spongetech, RM Enterprises, Metter, and Moskowitz, as specified herein, is necessary to preserve the *status quo,* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

3.    The Court also finds that an order requiring each Defendant to provide a verified accounting of all assets, money and property held directly or indirectly by each of the Defendants, or by others for each of their direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

4. The Court also finds that an order prohibiting each Defendants from destroying, altering or concealing documents is necessary to ensure compliance with future discovery obligations.

5. The Court finds that, in light of their likely violations of Sections 5(a) and (c) and 17(a) of the Securities Act 17(a), and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5 relating to the offering of penny stock, Defendants Metter, Moskowitz, Speranza, Pensley, and Halperin should be prohibited from engaging in any offering of penny stock pursuant to Securities Act Section 20(g) [15 U.S.C. § 77t(g)] and Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)];

6. The Court finds that, in light of their likely violations of Sections 5(a) and (c) and 17(a) of the Securities Act 17(a), and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5 relating to the offer or sale of securities, Defendants Pensley and Halperin should be prohibited from providing professional services to any person or entity in connection with the offer or sale or securities, including but not limited to, participating in the preparation or issuance of any attorney opinion letter related to such offerings.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, pending a final disposition of this action:

### I.

That each Defendant and their agents, servants, employees, attorneys-in-fact, successors in-interest, and assigns, and all those persons in active concert or participation with either of them who receive actual notice of this order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, singly or in concert, by use of any

means or instrumentality of transportation or communication in interstate commerce or by use of the mails, or of the facility of any national securities exchange:

    (1)    employing any device, scheme, or artifice to defraud,

    (2)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

    (3)    engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit on any person,

in connection with the purchase or sale of any security;

in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder.

## II.

That Defendants Moskowitz, Metter, Spongetech, RM Enterprises, Pensley, and Halperin, and their agents, servants, employees, attorneys-in-fact, successors in-interest, and assigns, and all those persons in active concert or participation with either of them who receive actual notice of this order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, singly or in concert, by use of any means or instrumentality of transportation or communication in interstate commerce or by use of the mails, in the offer or sale of securities:

    (1)    employing any device, scheme, or artifice to defraud,

(2) obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of 17(a)(1), (2) and (3) of the Securities Act of 1933 [15 U.S.C. §77q(a)].

## III.

That Defendants Moskowitz, Metter, Spongetech, RM Enterprises, Pensley, and Halperin, and their agents, servants, employees, attorneys-in-fact, successors in-interest, and assigns, and all those persons in active concert or participation with either of them who receive actual notice of this order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined enjoined from directly or indirectly, singly or in concert with others and without a registration statement in effect as to the securities transactions:

(1) making use of the means or instrumentalities of transportation or communication or the mails in interstate commerce to sell securities through the use or medium of a prospectus or otherwise,

(2) carrying or causing to be carried such securities for the purpose of sale or for delivery after sale; and

(3) making use of the means or instrumentalities of transportation or communication or the mails in interstate commerce to offer to sell or offer to buy through the use or medium of a prospectus or otherwise securities as to which a registration statement had not been filed as to such securities.

In violation of Sections 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a) & (c)].

### IV.

That Defendants Spongetech, Moskowitz, and Metter, and their agents, servants, employees, attorneys-in-fact, successors in-interest, and assigns, and all those persons in active concert or participation with either of them who receive actual notice of this order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from directly or indirectly, singly or in concert with others, filing reports with the SEC that contain materially false and misleading statements and information, or which fail to include additional material necessary to make the statements and information, in light of the circumstances in which they were made, not misleading, in violation of Section 15(d) of the Exchange Act and Rules 12b-20, 15d-1, 15d-11, and 15d-13 the Exchange Act.

### V.

That Defendants Spongetech, Moskowitz, and Metter, and their agents, servants, employees, attorneys-in-fact, successors in-interest, and assigns, and all those persons in active concert or participation with either of them who receive actual notice of this order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from directly or indirectly, singly or in concert with others, failing to file quarterly reports with the Commission as required under Section 13(a) and Rule 13a-13 of the Exchange Act.

### VI.

That Defendants Spongetech, Moskowitz, and Metter, and their agents, servants,

employees, attorneys-in-fact, successors in-interest, and assigns, and all those persons in active concert or participation with either of them who receive actual notice of this order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from directly or indirectly, singly or in concert with others, failing to (i) maintain and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of its assets, and (ii) devise and maintain a system of internal accounting controls sufficient to provides reasonable assurances that: (a) record transactions as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; and (b) compare the recorded accountability for assets with the existing assets at reasonable intervals and taking appropriate action with respect to any differences, in violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act.

## VII.

That Defendants Moskowitz, Metter, Spongetech, and RM Enterprises, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the Defendants, whether

held in any of their names or for any of their direct or indirect beneficial interest wherever situated.

## VIII.

That each Defendant each file with this Court and serve upon Plaintiff the SEC, within 10 business days, or within such extension of time as the SEC agrees to, a verified written accounting, signed by each of the Defendants, and under penalty of perjury, of:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of the Defendants, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets and income received by the Defendants and each of them, or for their direct or indirect benefit, at any time from January 1, 2007, through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of the Defendants; and

(4) All assets, funds, securities, and real or personal property received by the Defendants, and each of them, or any other person controlled by them, from persons who provided money to the Defendants in connection with the offer, purchase or sale of Spongetech securities, from January 1, 2007, to the date of the

accounting, and the disposition of such assets, funds, securities, real or personal property.

## IX.

That each Defendant, and any person or entity acting at their direction or on their behalf, is enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the Plaintiff Commission to any and all documents, books, and records, that are in the possession, custody or control of the Defendants, their officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Defendants' finances or business operations, or the offer, purchase or sale of Spongetech securities and the use of proceeds therefrom.

## X.

That the Defendants are prohibited from engaging in any offering of penny stock pursuant to Securities Act Section 20(g) and Exchange Act Section 21(d)(6).

## XI.

That Defendants Pensley and Halperin are prohibited from providing professional services to any person or entity in connection with the offer or sale or securities, including but not limited to, participating in the preparation or issuance of any attorney opinion letter related to such offerings.

_____
UNITED STATES DISTRICT JUDGE

Issued at :    _____:_____ ___.m.
               _____, 2010