UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SPONGETECH DELIVERY SYSTEMS, INC., RM ENTERPRISES INTERNATIONAL, INC., STEVEN Y. MOSKOWITZ, MICHAEL E. METTER, GEORGE SPERANZA, JOEL PENSLEY, and JACK HALPERIN,<br><br>Defendants. | Civil Action No. 10-CV-2031 (DLI) |

---

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT A RECEIVER**

Jeffrey T. Tao
100 F Street N.E.
Washington, D.C.  20549-4030
202-551-4411
202-772- 9246 (FAX)
Attorney for Plaintiff

## PRELIMINARY STATEMENT

Plaintiff, the Securities and Exchange Commission (the "SEC"), respectfully submits this memorandum in support of its Motion to Appoint a Receiver over Defendant Spongetech Delivery Systems, Inc. ("Spongetech") and its parent, subsidiaries, affiliates, successors-in-interest, and assigns ("Affiliated Entities"), in order to preserve Spongetech's assets, protect investor money, and maximize returns available to injured investors.

On May 5, 2010, the SEC filed a complaint in the United States District Court for the Eastern District of New York, charging the Defendant Spongetech, and its principals, Defendants Michael Metter ("Metter") and Steven Moskowitz ("Moskowitz), among others, with violating the antifraud provisions of the federal securities laws -- Section 17(a) of the Securities Act of 1933 (the "Securities Act") and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 (the "Exchange Act") – and with violations of Section 5 of the Securities Act, among other violations. On May 14, 2010, the SEC filed a Motion for Preliminary Injunction, Asset Freeze, and Other Relief ("PI Motion") as to these and other Defendants.[1] Both filings are attached as Exhibit A and are incorporated herein by reference.

## STATEMENT OF THE FACTS

A. <u>The Fraud</u>

As alleged in the Complaint and set forth in the PI Motion and supporting documents, Defendants Spongetech, Metter, Moskowitz, and others, engaged in an elaborate "pump and dump" scheme.[2] *See* Memorandum in Support of PI Motion ("PI Memo") at 3-14; *see generally,*

---

[1] On May 14, 2010, the United States Attorney's Office for the Eastern District of New York also filed a criminal complaint against Defendants Metter and Moskowitz.

[2] At the time of the Complaint, Metter was Spongetech's Chief Executive Office and President, and Moskowitz was Spongetech's Chief Operating Officer, Chief Financial Officer,

1

Declarations of Christine Neal and Charles Davis in support of PI Memo ("Neal Decl." and "Davis Decl."). Defendants Moskowitz, Metter, and Spongetech made numerous and repeated material false statements in press releases and public filings to artificially "pump" or increase public demand for shares of Spongetech. These misrepresentations including the wholesale fabrication of the vast majority of Spongetech's significant customers and revenue beginning in or around April, 2007. *See* PI Memo at 4-7; Neal Decl. at ¶¶ 4-49.[3]

After priming the market with fraudulent misrepresentations about Spongetech's business, Defendants Moskowitz, Metter, and Spongetech then distributed, or "dumped," the shares illegally in unregistered transactions through affiliates such as Defendant RM Enterprises International, Inc. ("RM Enterprises"), which served as a conduit for Defendants' illegal distribution of Spongetech shares to the public market. *See* PI Memo at 9; Davis Decl. at ¶¶ 27-25.[4] Defendants' scheme has resulted in the illegal distribution of billions of Spongetech shares.

B. There is No Independent or Viable Management at Spongetech

Defendant Moskowitz controls Spongetech. Metter was Spongetech's Chief Executive Office and President until June 8, 2010, when he resigned. *See* Decalaration of Jesse Weiss In Support of Defendant Spongetech's Response ("Weiss Decl.) to PI Motion at ¶ 4 and Ex. 10. Moskowitz continues to be Spongetech's Chief Operating Officer, Chief Financial Officer, Chief

---

Chief Accounting Officer, and Secretary. On June 8, 2010, Metter resigned from Spongetech. As of the date of this filing, Moskowitz still controls Spongetech.

[3]   These Defendants also vastly understated the number of Spongetech's outstanding shares in press releases and public filings. *See* PI Memo at 7. As recently as May 4, 2010, Moskowitz told the *New York Times* that Spongetech's profit claims would be "vindicated" and that Spongetech "had 723 million shares outstanding, just as it had reported" in its financial statement. Floyd Norris, *Penny Stock Finds Itself in a Corner*, N.Y. TIMES, May 5, 2010, at B1.

[4]   RM Enterprises also is controlled by Defendants Metter and Moskowitz. *See* Davis Decl. at ¶ 17.

2

Accounting Officer, and Secretary, and now likely is also Spongetech's Chief Executive Office and President as well.[5] Moskowitz, therefore, appears to have sole control of Spongetech.

## ARGUMENT

I. **THE COURT SHOULD APPOINT A RECEIVER OVER SPONGETECH AND ITS AFFILIATED ENTITIES.**

The appointment of a Receiver in a civil enforcement proceeding brought by the SEC is appropriate where necessary to effectuate the purposes of the securities laws. The United States Court of Appeals for the Ninth Circuit has stated:

> The federal courts have inherent equitable authority to issue a variety of "ancillary relief" measures in actions brought by the SEC to enforce the federal securities laws. This circuit has repeatedly approved the imposition of a receivership in appropriate circumstances. The power of a district court to impose a receivership or grant other forms of ancillary relief does not in the first instance depend on a statutory grant of power from the securities laws. Rather, the authority derives from the inherent power of a court of equity to fashion effective relief.

*SEC v. Wencke,* 622 F.2d 1363, 1369 (9th Cir. 1980) (footnotes omitted); *see also SEC v. Manor Nursing Centers*, 458 F.2d 1082, 1105 (2d Cir. 1972); *SEC v. Materia*, 745 F.2d 197, 200 (2d Cir. 1984), *cert. denied*, 471 U.S. 1053 (1985). Specifically, a Receiver may be appointed to: (i) preserve the status quo while determining an accurate picture of the fraudulent conduct, *Manor Nursing Centers*, 458 F.2d at 1105; (ii) protect "those who have already been injured by a violator's actions from further despoliation of their property or rights," *Esbitt v. Dutch-American Mercantile Corp.*, 335 F.2d 141, 143 (2d Cir. 1964) (quoting *SEC v. H.S. Simmons & Co.*, 190 F. Supp. 432, 433 (S.D.N.Y. 1961)); (iii) marshal and preserve assets against misuse and dissipation pending a final judgment, *Wencke*, 622 F.2d at 1372; *SEC v. American Bd. of Trade,*

---

[5] The other primary senior executive, Barry Kolevzon, who was Spongetech's Executive Vice President, resigned on June 8, 2010.

3

*Inc.*, 830 F.2d 431, 436 (2d Cir. 1987); or (iv) install an officer of the court to bring the company into compliance with the law. *Id.* at 437.

Here, appointment of a Receiver is necessary to preserve Spongetech's assets, protect investor money, and maximize returns available to injured investors. First, as set forth in the PI Motion and supporting papers, the vast majority of Spongetech's business since April 2007 has been a sham. Over that time, Spongetech distributed billions of shares to the investing public in largely unregistered transactions. A Receiver is necessary to preserve Spongetech's assets for these injured investors.

Second, Spongetech's management has been, and continues to be, unstable. Defendant Moskowitz, a primary perpetrator of the fraud, solely runs the company and cannot be trusted to manage the company or protect investor interests.[6] Moreover, as a defendant in both federal criminal and civil law enforcement actions, Moskowitz is incapable of operating effectively as Spongetech's sole officer, director, and manager.

Notably, after the SEC filed its Complaint and PI Motion, several Spongetech investors have expressed concern to the SEC about Spongetech's assets and management. The SEC is also concerned with the ability of Spongetech's wholly-owned subsidiary, Dicon Technologies, LLC, which employs as many as two dozen employees in Savanna, Georgia, to continue to operate without independent management. To the extent Spongetech has any legitimate business opportunities, they appear to relate to Dicon. Without a Receiver to manage Spongetech and secure its assets, Spongetech's and Dicon's employees, creditors, and Spongetech's investors, are all at risk.

---

[6] Since the SEC filed its PI Motion, both Defendant Metter and Barry Kolevzon, Spongetech's Executive Vice President, have resigned.

Given these risks, and the brazen nature of Spongetech's, Metter's and Moskowitz's scheme, a Receiver is needed to take control of Spongetech's assets, including Dicon, to secure what remains and maintain the *status quo*. A Receiver is also needed to investigate and determine Spongetech's present financial condition, to maintain continuity of operations, to ascertain its disposition of investor funds, to recommend further actions as necessary, and to ensure that all investors who dealt with it are treated fairly. Moreover, the SEC expects that there will be many more questions from investors seeking information and some assurance as to the status of their investments. A Receiver can provide investors with additional confidence that Spongetech is now being operated responsibly and that what remains of their investments will be secured and protected during the pendency of this case.

## II. THE SEC REQUESTS THAT THE COURT SELECT AND APPOINT A RECEIVER OF ITS CHOOSING OR, IN THE ALTERNATIVE, SELECT S. GREGORY HAYS OF HAYS CONSULTING.

The SEC respectfully requests that the Court select and appointment an appropriate Receiver or, in the alternative, appoint S. Gregory Hays, Managing Principal, Hays Financial Consulting, LLC, 3343 Peachtree Road NE, Ste. 200, Atlanta, GA 30326. Mr. Hays is highly qualified and would be an appropriate choice to be Receiver of Spongetech. A copy of Mr. Hays's curriculum vitae is attached hereto as Exhibit B. Mr. Hays has advised that he is willing to serve as Receiver of Spongetech if so appointed.

The SEC received bids from three (3) potential receivers who each indicated a willingness to take on this engagement. The SEC believes that each was well-suited to handle this matter. After considering these candidates, the SEC believes the interests of investors would be best served by appointing Mr. Hays. He has worked on numerous engagements involving SEC actions in the past and has done so in a cost-efficient manner. He also has operational

5

experience from prior receiverships and thus will be able to explore the possibility of salvaging whatever legitimate business Spongetech has. To that end, Spongetech's wholly-owned subsidiary Dicon, which is located in Savannah, Georgia, appears to be central to any legitimate business operations Spongetech may have. Mr. Hays is located in Atlanta, Georgia, which is approximately 250 miles from Savannah.

The SEC contemplates that the Receiver will also spend significant time in New York, where Spongetech's corporate offices are located. Mr. Hays has the resources and capacity to handle the work in New York. Mr. Hays has agreed to limit costs and to not charge for travel time in which he and his associates are not actively working.

For all of these reasons, the SEC recommends that the Court appoint Mr. Hays as Receiver over the assets of Defendant Spongetech and its parent, subsidiaries, affiliates, successors-in-interest, and assigns, and all assets that are traceable to the fraud.

## **CONCLUSION**

Wherefore, the Commission requests that the Court select and appoint a Receiver over Spongetech, its parent, subsidiaries, affiliates, successors-in-interest, and assigns. If the Court wishes to consider the SEC's recommendation, the SEC respectfully requests that the Court select S. Gregory Hays for the reasons set forth above.

Dated: Washington, D.C.
May 14, 2010

Respectfully submitted,

Of Counsel:
    Christopher Conte
    Christine Neal
    Uta von Eckartsberg
    Charles Davis
    Amybeth Garcia-Bokor

Jeffrey T. Tao
100 F Street N.E.
Washington, D.C. 20549-4010
202-551-4411
202-772- 9246 (FAX)
Attorneys for Plaintiff
Securities and Exchange Commission