

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F STREET, N.E.
WASHINGTON, D.C. 20549-4030

DIVISION OF
ENFORCEMENT

Jeffrey T. Tao
Assistant Chief Litigation Counsel
Telephone: (202) 551-4411
Facsimile: (202) 772-9246

July 9, 2010

Chambers of the Honorable Dora L. Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Securities and Exchange Commission ("SEC") v. Spongetech Delivery Systems*, et al (10-CV-2031) (DLI)

Dear Judge Irizarry:

    Plaintiff Securities and Exchange Commission ("SEC") respectfully opposes Defendant Joel Pensley's July 8, 2010, letter request ("July 8 Letter), Docket No. 73, for an extension of time to file his response to the SEC's Motion for Preliminary Injunction, Asset Freeze, and Other Relief ("PI Motion").[1] Mr. Pensley seeks to extend a deadline that expired nearly a month ago, on June 11, 2010. (*See* June 1, 2010, Order) He has not articulated any good reason why the Court should grant an extension, or why he remained silent about requiring an extension until after his deadline passed.

    In fact, the July 8 Letter does not explain why Mr. Pensley requires additional time to respond to the PI Motion. Although he asserts that "due process . . . should allow Mr, Pensley an opportunity to be heard before entry of an injunction," Mr. Pensley's counsel has had actual notice of the PI Motion for approximately seven weeks. Mr. Pensley's counsel received the PI Motion on May 17, 2010, and he has received copies of every other SEC filing.[2] On June 2, 2010, the SEC sent Mr. Pensley and other Defendants a copy of the Court's June 1, 2010, Order that set forth the June 11, 2010, response deadline. (*See* Docket No. 24.) Inexplicably, Mr. Pensley failed to prepare a response and continued to remain silent about his alleged need for additional time to

---

[1]     Mr. Pensley's request for extension was directed to the Honorable Joan M. Azrack, United States Magistrate Judge. Pursuant to the Court's June 1, 2010, Order, the SEC respectfully directs its response to the District Court.

[2]     Indeed, as a courtesy, SEC counsel even notified Mr. Pensley's counsel prior to filing the complaint that it intended to file the complaint and PI Motion. Counsel represented then, and on subsequent occasions, that Mr. Pensley would waive service of the summons and complaint. At no time until after the deadline passed did counsel indicate that he did not consider Mr. Pensley a party to the case or suggest that he needed more time to respond.

respond. There is no reason now for Mr. Pensley to receive an extension of the deadline under these circumstances.

The July 8 Letter also represents that Mr. Pensley did not retain current counsel until June 28, 2010. The July 8 Letter is the *first time* that counsel has suggested that he did not previously represent Mr. Pensley regarding this matter. To the contrary, current counsel has purported to represent Mr. Pensley regarding this matter since as early as May 2010. Not only has counsel engaged in several communications with SEC counsel regarding this matter, but he represented on multiple occasions that he and Mr. Pensley would waive service of the summons and complaint. Based on those representations alone, the SEC did not personally serve Mr. Pensley with the summons, complaint, and PI Motion, but instead sent the papers and waiver form to counsel. Counsel's belated assertions that Mr. Pensley was not represented by counsel, and that Mr. Pensley "was not a party to the litigation until he waived service on June 28, 2010," simply do not ring true.[3]

In short, Mr. Pensley has had ample notice of, and time to respond to, the PI motion. There is no reason to grant him additional time when he failed not only to respond, but even to signal that he needed additional time until well after the deadline. For all of these reasons, the SEC respectfully opposes Mr. Pensley's belated request for an extension.

Sincerely,

Jeffrey T. Tao

---

[3] On June 17, 2010, six days after Mr. Pensley's PI response deadline expired, Mr. Pensely's counsel indicated *for the first time* that he intended to file a late response to the PI Motion because he did not consider Mr. Pensley a party to case. Yet, in the same conversation, he continued to represent that Mr. Pensley would return the signed waiver of service form but would do so at the same time he filed the PI Response. Out of an abundance of caution, the SEC promptly retained a process server to personally serve Mr. Pensley with the summons and complaint. On June 28, 2010, before the process server successfully served Mr. Pensley, his counsel returned the signed waiver of service form. The same day, also out of an abundance of caution, the SEC mailed additional copies of the PI Motion, Reply, and other relevant papers directly to Mr. Pensley.