

Paul R. Bessette
Tel: 877.557.7250
Tel: 512.320.7250
Cell: 512.940.6250
bessettep@gtlaw.com

July 27, 2010

Chambers of the Honorable Dora L. Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    *Securities and Exchange Commission ("SEC") v. Spongetech Delivery Systems, et al.* (10-CV-2031) (DLI)

Dear Judge Irizarry:

      On July 20, 2010, we, as counsel for Michael Metter, submitted a Suggestion of Bankruptcy [Docket No. 92], informing the Court that Spongetech Delivery Systems, Inc. ("Spongetech"), a defendant in this case, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. That same day, the United States Securities and Exchange Commission (the "SEC") filed a letter [Docket No. 93] (the "Letter") to the Court withdrawing its requests for a receiver and asset freeze over Spongetech. The Letter also referenced the Suggestion of Bankruptcy and stated "Spongetech's bankruptcy petition does not stay the present case up to and including the entry of judgment."

      The Court, on July 22, 2010, entered a scheduling order setting a status conference for July 30, 2010 to discuss the relation of this case to the class action and bankruptcy matters pending in the Southern District of New York and why venue is or is not proper in the Eastern District of New York. Although Mr. Metter does not believe this case is stayed by section 362 of the Bankruptcy Code, Mr. Metter does assert that venue is not proper in the Eastern District of New York and that this case should be transferred to the Southern District of New York.

      The purpose of the Suggestion of Bankruptcy was simply to notify this Court of Spongetech's bankruptcy filing. While the Suggestion of Bankruptcy referenced the automatic stay, the document specifically stated that "no further prosecution of the above-captioned proceeding against Debtor may occur, and no valid judgment may be entered against Debtor **to the extent such prosecution or judgment is not excepted from the stay pursuant to section 362(b)(4).**" (Emphasis added). Section 362(b)(4) is often referred to as the governmental unit exception to the stay. *See, e.g., SEC v. Friedlander*, No. 01-4658, 2002 U.S. Dist. LEXIS 13296, at *4 (S.D.N.Y. July 22, 2002). The section excepts from the stay "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power . . . ." 11 U.S.C. § 362(b)(4). Accordingly

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
300 West 6th Street ■ Suite 2050 ■ Austin, TX 78701 ■ Tel 512.320.7200 ■ Fax 512.320.7210
AUS 536,083,517v1

Chambers of the Honorable Dora L. Irizarry
July 27, 2010
Page 2

and consistent with the Suggestion of Bankruptcy, Mr. Metter does not assert that this case is stayed in its current form.

But even though this case is not stayed, it should be transferred to the Southern District of New York. In the SEC's Complaint [Docket No. 1], the SEC argues that venue is proper in the Eastern District merely because "certain of the acts and transactions . . . took place in this District." Complaint at ¶ 16. But the SEC has not specifically alleged that any acts constituting the violation actually took place in the Eastern District of New York. In fact, the only alleged connection to the Eastern District is that defendant George Speranza, a self-employed consultant associated with Spongetech, is "believed to reside in Brooklyn, New York." Complaint at ¶ 21. While, under Section 27 of the Exchange Act, venue is proper "in the district wherein the defendant is found or is an inhabitant or transacts business" or wherein "any act or transaction constituting the violation occurred," the fact that Mr. Speranza resides in the Eastern District is not enough to establish proper venue over the entire case. 15 U.S.C. § 78aa; *see, e.g., Ato Ram, II, Ltd. v. SMC Multimedia Corp.*, 2004 WL 744792, at *3 (S.D.N.Y. 2004) ("The domicile of certain co-conspirators is insufficient to establish venue as to all of the defendants"); *Keene Corp. v. Weber*, 394 F. Supp. 787, 790 (S.D.N.Y. 1975) (holding that jurisdiction and venue were improper for a defendant based on "the mere presence" of one defendant). Thus, the SEC has to meet its burden regarding venue. *See Solow Building Co., LLC v. ATC Assoc., Inc.*, 175 F. Supp. 2d 465, 469 (E.D.N.Y. 2001) ("the burden of showing that venue in the forum district is proper falls on the plaintiff").

As opposed to the Eastern District of New York, proper venue for this case is the Southern District of New York. All of the alleged fraudulent activities took place there. The Southern District is the most convenient forum for the defendants and witnesses. And the defendants have multiple cases pending there, including Spongetech's bankruptcy case. The court should take all of these factors into consideration. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). In particular, the presence of related cases in the Southern District weighs heavily in favor of transferring the case. *See Delta Air Lines, Inc. v. Assoc. of Flight Attendants, CWA*, No. 10-1129, 2010 WL 2634519, *4 (E.D.N.Y. June 28, 2010) ("courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative") (quoting *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 130 (E.D.N.Y. 2004)). Because venue in the Eastern District is improper to begin with, a transfer to the Southern District pursuant to 28 U.S.C. § 1406(a) is appropriate. And even if the SEC can show that venue is proper in the Eastern District by alleging additional acts that took place within the district, the factors stated above weigh in favor of transferring this action pursuant to 28 U.S.C. § 1404(a).

Chambers of the Honorable Dora L. Irizarry
July 27, 2010
Page 3

Consistent with the above, Mr. Metter does not believe that this case is stayed at this point, but he does assert that venue is inappropriate and that this case should be transferred to the Southern District of New York.

Respectfully submitted,

Paul R. Bessette

PRB/cmc

cc:  Jeffrey Tao, counsel for the SEC
     Henry Sewell, proposed counsel for Chapter 11 Trustee of Spongetech Delivery Systems, Inc.