# NACHAMIE & WHITLEY, P.L.L.C.

ATTORNEYS AT LAW

Deirdre H. Nachamie

204 South Academy Street
Lincolnton, NC 28093

Tel: (704)-732-4098
Fax: (704)-732-4099

Reply To:
W. Darrell Whitley

23 West Second Street
Lexington, NC 27292
attorneys@lexcominc.net

Tel: (336) 249-7054
Fax: (336) 249-7055

August 5, 2010

Mr. Jeffrey T. Tao
United States Securities and Exchange Commission
100 F. Street, N.E.
Washington, D.C. 20549-4030
Fax: 202-772-9246

Re:  SEC. vs. Spongetech Delivery Systems, Inc., et. al.
     10-CV-2031

Dear Mr. Tao,

I am the pro bono attorney for several dozen shareholders in the bankruptcy case of Spongetech Delivery Systems, Inc. (10-13647 smb SDNY). I am also a shareholder of the company.

The purpose of this letter is to request that you, or someone with such authority, resolve the issues with Spongetech so that shareholders can avoid further damage. As far as shareholders are concerned, a settlement releasing their investment from further liability cannot happen soon enough. From counsels' letters to the Court, it appeared that a settlement had been reach at one point, but for reasons unknown to shareholders it was never finalized.

In the last few days, an interim report was filed by the trustee in the bankruptcy case indicating that the company has approximately $200.00 dollars in its' account, that there have been no significant orders in recent months, employees have not been paid in several weeks, and other expenses have not been paid post petition. However, there is a core group of shareholders who want to save the company and their investment. These shareholders are willing to raise the capital to pay the post petition debt, fund a restructuring plan for the company and continue the business as an ongoing venture. These shareholders do not expect am immediate return on the investment, but plan to see a return on this additional investment in a number of years. There is a conviction that the products are popular, versatile, and can be profitable under proper management. These shareholders do not wish to see the company liquidated. They are dedicated to trying to save the investment for the entire shareholder community.

One of the main concerns of all shareholders, as expressed in numerous letters to the court, has been further action against Spongetech by the SEC. Even the shareholders willing to provide capital to save the company are concerned that the SEC will further complicate the process of saving the investment and reorganizing the company by asking for fines and penalties the company cannot afford to pay.

Currently, I do not even know if Spongetech has a lawyer for the case you are prosecuting, and I do not wish to be confused as attempting to represent the company. However, given the state of affairs of Spongetech, I cannot understand why the company's issues cannot be segregated from the legal issues of management — especially since shareholders are willing to provide additional funding and personnel to save Spongetech.

As I understand the mandate of the SEC, shareholders are to be protected. Further legal action against the company, given its economic condition, is not logical, economical and does not protect the shareholders. In fact, given the financial condition of our country, it makes no sense why taxpayers should bear the burden of a governmental agency pursuing a company that is in bankruptcy and has no cash or cash flow.

If one of the goals is to protect shareholders, it seems logical that the SEC would be willing to enter into some form of consent order with the company to waive fines and penalties, require the replacement of management, and have a standing order to not commit future violations of the securities laws. Such orders and agreements are entered routinely for companies that are not cash strapped. If complete and total destruction of shareholder value is to be avoided, such an agreement should be entered into immediately. Further delay will only serve to cause additional destabilization of the company and shareholder value.

The company and management have been under investigation for approximately one year based on public records. During this time period, it seems the SEC would have expended sufficient resources to learn everything about the company and its management needed to determine potential resolutions of this case. It makes no sense to me and other shareholders why the pending case would need to go further to reach a settlement. If removing management has been a hold up, I am sure the trustee can help resolve that issue with ease. The obvious solution to this case seems that the SEC should be separating the management issues from shareholders' interests. Armed with the wealth of information gathered during the investigation, as well as the trustee's report, I cannot fathom why it would be a lengthy or arduous task to reach a conclusion in this matter as to the company and thus provide some relief to the shareholders.

Shareholders do not deserve further dilution of their investment. Further, they should not be facing potential liquidation of their investment based on illegal activities. However, efforts to save that investment should not be hindered by governmental agencies when possible and practical solutions are readily available.

I have been told it could take weeks or months to negotiate a settlement with the SEC. Frankly, shareholders do not have weeks or months to wait. We have to act now to save our investment. Shareholders have to raise the capital to initiate a reorganization of the company, which means new management, policies, and direction. The fear of future SEC sanctions for possible prior bad acts of management will hinder efforts to save this company.

If in fact weeks and maybe months are what is necessary to get this case to a posture to discuss settlement of claims against the company, please explain to me why such delay is required. Our country is broke, our company is broke and shareholders want to bail out the company. Why squander resources to pursue claims that harm shareholders and do not bring the individuals to justice who are alleged to have performed the wrongful acts?

On behalf of hundreds of shareholders, I respectfully ask that you consider their position and their viewpoint of this entire fiasco. They want to be proactive and have been mobilizing and raising funds to save their investment. They need assurances that the government that has come to help them really does help them, rather than being the final straw that breaks their back. Rhetoric that this pending action is to protect future investors in the company is meaningless. The company has value and with new management, current and future investors can realize that value.

Your assistance in saving the company on behalf of shareholders will be appreciated.

I am forwarding a copy of this letter to the court as a courtesy, but ask it not be made a part of the public record.

Sincerely,

W. Darrell Whitley

cc:
Chambers of the Honorable Dora Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201