UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

                -against-

SPONGETECH DELIVERY SYSTEMS, INC.,
RM ENTERPRISES INTERNATIONAL, INC.,
STEVEN Y. MOSKOWITZ, MICHAEL E.
METTER, GEORGE SPERANZA, JOEL
PENSLEY, and JACK HALPERIN,

                Defendants.
------------------------------------------------------------ x

**ORDER**
10-CV-2031 (DLI)(JMA)

**DORA L. IRIZARRY, United States District Judge:**

Based upon the Affirmations of Maranda Fritz, Esq. and Scott Rosen, Esq., the Affidavit of Jeff Weber, defendant's Memorandum in Support of Motion For Temporary and Partial Lift of this court's March 14, 2011 Order Freezing Defendant Metter's Assets, and on the consent of the Securities and Exchange Commission, as well as the oral argument by the parties held before the court this day,

IT IS HEREBY ORDERED that:

1. Subject to the conditions and limitations set forth herein, bank accounts of BusinessTalkRadio and its affiliates ("BTR"), numbered 540203874, 540205812, 540204070, and 540204799, located at Patriot National Bank, are hereby released from this Court's Order of March 14, 2011, and shall remain released from that Order for the three-week period from March 25, 2011 through April 15, 2011;

2. In accordance with the parties' agreement, the temporary and partial release called for in this Order is subject to the following terms and conditions:

1

(a) Metter will relinquish all authority, including signatory authority, over all BTR accounts;

(b) BTR will expend funds only for ordinary and current business expenses such as payroll, insurance, station expense, leases, taxes, and rent, and will provide complete and accurate documentation of all its receipts and disbursements;

(c) BTR will make no payments to or for the benefit of Steven Moskowitz, RM Enterprises International Inc., or 5M Marketing Corp.;

(d) Metter may continue to be employed by BTR during the three-week period, and he may continue to draw only his current and ordinary bi-weekly salary from BTR—the bi-weekly gross salary not to exceed $9,375.92—and may not receive other disbursements from BTR, including bank payments, loans, bonuses, stock or other compensation (cash or otherwise);

(e) Metter will receive his salary through a single identified account and will use those funds to pay specific living expenses as agreed upon with the SEC or ordered by the Court, and will provide complete and accurate documentation of all receipts and disbursements; and

(f) BTR will represent and confirm that its stations are currently being offered for sale and will continue to be offered for sale.

This Order shall be in effect *nunc pro tunc* to March 25, 2007, up to and including April 15, 2011.

SO ORDERED.

Dated: Brooklyn, New York
       March 28, 2011

/s/
DORA L. IRIZARRY
United States District Judge