UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
In re:

SECURITIES AND EXCHANGE COMMISSION,        10-CV-2031 (DLI) (JMA)
        Plaintiff.

    -against-

SPONGETECH DELIVERY SYSTEMS, INC., RM
ENTERPRISES INTERNATIONAL, INC., STEVEN
Y. MOSKOWITZ, MICHAEL E. METTER, GEORGE
SPERANZA, JOEL PENSLEY, and JACK HALPERIN,
        Defendants.
----------------------------------------------------------------------x

**ACCOUNTING BY KENNETH P. SILVERMAN, ESQ.,
CHAPTER 7 TRUSTEE OF SPONGETECH DELIVERY
<u>SYSTEMS, INC. PURSUANT TO THE MARCH 14, 2011 ORDER</u>**

Kenneth P. Silverman, Esq. (the "Trustee"), the Chapter 7 Trustee of SpongeTech Delivery Systems, Inc., (the "Debtor"), by his attorneys, SilvermanAcampora LLP, submits this Accounting of the Debtor's assets, liabilities, and property held, received and disbursed during the Trustee's tenure from August 4, 2010 through and including March 22, 2011 as required by the order of the Court dated March 14, 2011 and, respectfully sets forth and represents as follows:

**<u>Preliminary Statement</u>**

1. The March 14, 2011 order directed that the Debtor provide an extensive accounting regarding its financial activities and the location and identity of its assets from 2007 to the present. The Debtor, however, is represented at this stage by the Trustee who was appointed in August 2010. The Debtor's documents from which the ordered accounting would be created are not in the Trustee's possession but were seized by the Government and are currently in the possession and control of the Office of the United States Attorney. The Debtor's estate is administratively insolvent (*i.e.*, the approximately $30,000 in the Trustee's account is insufficient to pay chapter 7 and 11 administrative claims much less the $153 million in filed creditor claims). Consequently, much of the information sought by the March 14, 2011 order is unavailable to the Trustee. Nevertheless, the Trustee will endeavor to provide the Court and the Securities and Exchange Commission with

LMM/875580.1/059228

information responsive to the March 14, 2011 order.

**Background**

2. The Debtor, a manufacturer and distributor of hydrophilic foam cleaning products designed for use in the home, on automotive and maritime vehicles and for pets, is a Delaware publicly-held corporation.

3. In May of 2010, the United States of America filed a criminal complaint in the United States District Court for the Eastern District of New York charging the Debtor's Chief Operating Officer/Chief Financial Officer/ Chief Accounting Officer and the Debtor's President/Chief Executive Officer with conspiracy to commit fraud and obstruction of justice. On the same day, the United States of America filed a civil complaint against these two officers and several others, alleging, inter alia, that they were involved in a massive "pump and dump" scheme defrauding the Debtor's investors.[1]

4. Thereafter, on July 9, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). No schedules were filed by the Debtor at that time.

5. By Order of the Court dated, July 19, 2010, and Notice of Appointment dated July 20, 2010, S. Gregory Hays ("Hays") was appointed as the chapter 11 operating trustee of the estate. On August 3, 2010, by Notice of Withdrawal, Hays resigned as trustee.

6. By order dated August 4, 2010, Hays was discharged of his duties, and Kenneth P. Silverman, Esq., was appointed as the Successor Operating Trustee.

7. Subsequently, the Trustee moved to convert the Debtor's case to a chapter 7 liquidation pursuant to Bankruptcy Code §1112. The Trustee determined that conversion was

---

[1] Additional information regarding the Debtor's business, capital structure and the circumstances leading to the filing of this case is contained in the United States Trustee's "Motion for Order Directing the Appointment of a Chapter 11 Trustee or, in the Alternative, Converting the Case to Chapter 7 of the Bankruptcy Code", dated July 16, 2010  (Docket No. 6) as well as in the Trustee's Status Report dated August 24, 2010 (Docket No. 104).

necessary and in the best interests of the Debtor, the Debtor's estate and the Debtor's creditors because there was no possibility that the Debtor could be rehabilitated or reorganized or file a confirmable plan of reorganization.

8. By Order of the Bankruptcy Court dated November 10, 2010, the Debtor's chapter 11 case was converted to a liquidation proceeding under chapter 7 of the Bankruptcy Code. Thereafter, the Bankruptcy Court appointed the Trustee as the interim chapter 7 trustee in the Debtor's case, he has duly qualified as permanent trustee, and continues in that capacity.

**The Debtor's Documents Are In Possession Of The United States Attorney**

9. The vast majority of the Debtor's bank statements, ledgers, business and other documents were seized by governmental authorities and are currently in the possession of the Office of the United States Attorney. Neither the Trustee nor his counsel have been provided access to or copies of those seized documents but have been assured by the United States Attorney that they will be forthcoming.

**The Court's March 14, 2011 Order**

10. By its March 14, 2011 Order, the Court directed as follows:

> [The Debtor] must file with the court and serve upon the SEC, within ten (10) business days from the date of this Order, a verified written accounting, signed under penalty of perjury, of:
>
> (a) all assets, liabilities and property currently held, directly or indirectly, by or for the benefit of Spongetech, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;
>
> (b) all money, property, assets and income received by Spongetech, or for its direct or indirect benefit, at any time from January 1, 2007, through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;
>
> (c) the names and last known addresses of all bailees, debtors, and other persons and entities that currently

>   are holding the assets, funds or property of Spongetech; and
>
>   (d) all assets, funds, securities, and real or personal property received by Spongetech, or any other person controlled by Spongetech, from persons who provided money to Spongetech in connection with the offer, purchase, or sale of Spongetech securities, from January 1, 2007, to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

11.   Simply stated, the Trustee, as a court appointed fiduciary who was only appointed in August 2010, does not have any personal knowledge of any of the information ordered to be produced. There is no officer or director available who can truthfully respond to the Trustee's inquiries. Moreover, because the vast majority of the Debtor's books and records are not yet available to him or his retained professionals, even assuming that those books and records are reliable, the Trustee cannot even attempt to conduct the massive and costly forensic analysis necessary to respond to the accounting. Nevertheless, in an effort to comply to the extent possible with the Court's order, the Trustee provides the following information regarding events that have transpired since his appointments.

**Financial Status of The Debtor's Estate During The Chapter 11 Period**

12.   During his administration of the Debtor's Chapter 11 case, the Trustee (i) obtained the turnover of the accounts receivable balance from the former factor in the amount of $885.92; (ii) received the turnover of the proceeds from the Debtor's tax refund of $629.53; (iii) collected $29,389.56 from accounts receivable; and (iv) received the refund of insurance premiums in the amount of $4,824.24.

13.   The Trustee disbursed $2,500.00 to McCallar Law Firm for its representation of the Trustee in the Dicon Technologies, LLC ("Dicon") matter, denominated Case No. 10-41275 (LWD) pending in the United States Bankruptcy Court for the Southern District of Georgia.

14.   The total receipts received and disbursements made during the period August 4, 2010

through November 9, 2010 (the "Chapter 11 Period") are reflected on the Trustee's Form 2, a copy of which is annexed hereto as **Exhibit A**.  As of November 11, 2010, the Trustee held $33,229.75, all of which was available for use in the chapter 7 case.

**Financial Status of Estate During The Chapter 7 Period Through March 22, 2011**

15. During his administration of the Debtor's Chapter 7 case, the Trustee (i) obtained the turnover of the $33,229.75 from the Chapter 11 Period; and (ii) collected $648.00 from accounts receivable.

16. The Trustee disbursed (i) $600.00 to Axis Global Systems, LLC for storage of the books and records removed from the Debtor's New York City location that was surrendered to the landlord; (ii) $160.50 to Brand's Paycheck and HR Services for the payment of W-2 processing; (iii) $648.15 to Veritext New York Reporting Co., for the attendance fee and transcripts of the Bankruptcy Rule 2004 examination of Samuel Wolf; (iv) $1,959.33 and $150.00 to Dioguardi Consultation Group Inc., for its services in building and hosting the Trustee's website for dissemination of pertinent case information to the shareholders and creditors of the Debtor's estate; and (v) $50.00 to Caplan, Caplan and Caplan to effectuate personal service of a Subpoena upon Robert Gray in accordance with Rule 2004 of the Bankruptcy Code.

17. The total receipts received and disbursements made during the period November 10, 2010 through March 22, 2011 (the "Chapter 7 Period") are reflected on the Trustee's Form 2, a copy of which is annexed hereto as **Exhibit B**.  The total on hand in the Trustee's bank account as of March 22, 2011 is $30,312.27.

**The Debtor's Assets Known To The Trustee**

18. At the request of the Office of the United States Trustee and the United States Bankruptcy Court, the Trustee filed the Debtor's Schedules to the Voluntary Petition with the United States Bankruptcy Court on August 18, 2010 with a disclaimer regarding the validity of the

information provided therein.[2]

19. To the best of the Trustee's knowledge, the Debtor's assets are comprised of: (a) the Debtor's Intellectual Property as defined on Page 6 of the Asset Purchase Agreement which is annexed hereto as **Exhibit C** and is pending Bankruptcy Court approval; (b) the Debtor's inventory located at (i) Axis Global Warehouse, Somerset, New Jersey, (ii) Oneida Warehouse outside of Savannah, Georgia, in a facility being utilized by the trustee of Dicon, a former subsidiary of the Debtor, and (iii) Easter Seals Warehouse in New Jersey, and (c) any litigation claims that the Debtor's estate may possess against third parties. The Trustee's public auction sale of the Debtor's Intellectual Property and its inventory is currently scheduled for April 11, 2011. The value of the Debtor's remaining assets is as yet undetermined and is under continuing investigation.

20. Regarding any of the remaining issues raised by the Court, the Trustee simply does not have any of that information available to him at this time. The Trustee has cooperated and will continue to cooperate with both the Securities and Exchange Commission and the Office of the United States Attorney. However, the Debtor's estate is administratively insolvent and it would be a serious financial burden on the estate to engage in the same forensic investigation that both of those entities are ostensibly already conducting. As the Court is well aware, the Debtor's estate and all of its property and claims are under the watchful eyes of the Trustee, the Office of the United States Trustee and Bankruptcy Judge Bernstein. Under those circumstances, a further or more extensive accounting than the one that is readily available to the Trustee is unwarranted.

---

[2] The Schedules were prepared by the Debtor's interim counsel from information provided by the Debtor's Controller. The information supplied reflected the best information available to the Trustee and his counsel. Therefore, the verification of the Schedules was qualified accordingly. The Trustee filed these schedules solely in his capacity as Chapter 11 Operating Trustee and for notice purposes only. The Schedules were not to be relied upon for any other purpose. The Trustee reserved the right to modify, amend, or supplement the information contained in the Schedules as additional information became

21. The Trustee respectfully requests that any obligation to account to the Court or the Securities and Exchange Commission under the March 14, 2011 Order be deemed satisfied in full by this submission.

Dated: Jericho, New York
       March 30, 2011

           **SILVERMANACAMPORA LLP**
           Attorneys For Kenneth P. Silverman, Esq.,
           Chapter 7 Trustee of SpongeTech Delivery Systems, Inc.

By:    *s/Anthony C. Acampora*
       Anthony C. Acampora
       Member of the Firm
       100 Jericho Quadrangle, Suite 300
       Jericho, New York 11753
       516.479.6300

available.