

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F STREET, N.E.
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

Paul W. Kisslinger
Assistant Chief Litigation Counsel
Telephone: (202) 551-4427
Facsimile: (202) 772-9292

December 8, 2011

By ECF
The Honorable Dora L. Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Securities and Exchange Commission v. Spongetech Delivery Systems*, et al., 10-cv-2031-DLI-JMA (E.D.N.Y.)

Your Honor:

    Plaintiff U.S. Securities and Exchange Commission ("SEC") writes in response to defendant Michael Metter's Motion for Order Partially Lifting Asset Freeze as to Defendant Metter Only [Dkt. 196], filed on December 2, 2011.

    Following the filing of Mr. Metter's motion, the SEC has become aware of information that calls into question the appropriateness of extending the partial lifting of the asset freeze per the proposed Order. Among other things, the SEC was informed by Jeff Weber, the Executive Vice President of Business Talk Radio and its affiliates ("BTR"), who has acted as signatory on BTR's accounts, and has affirmed BTR's compliance with the Court's prior Orders, that his employment contract ends on December 31, 2011, and that he currently has no firm agreement to work at BTR beyond that date. We understand that Mr. Weber and BTR are in discussions regarding the extension of Mr. Weber's employment contract, but as of the time of filing of this letter, the matter is in flux. Accordingly, without an authorized representative from BTR (other than Mr. Metter) willing and able to run the daily operations of the company, act as signatory on the accounts, and ensure compliance with the Order, we are unable to support Mr. Metter's motion.

    Assuming BTR is able to finalize its employment issues with Mr. Weber and that he continues in his prior roles, we would not object to the extension of the lifting of the asset freeze per the proposed Order, subject to the terms and conditions set forth therein.

  We raise two additional points. Mr. Metter's monthly living expenses, agreed upon by the defendant and the SEC, included monthly payments on a luxury boat. *See* Transcript of March 28, 2011 Hearing at 12-13. Originally, the SEC agreed that the asset freeze be lifted temporarily to allow continued payments on the boat in order to preserve this asset, for potential disgorgement, pending its timely sale to a buyer. *See id.* at 16-17. However, a buyer still has not been found, maintenance and financing expenses continue to mount, and we understand there is relatively little equity in the boat to justify further payments. Accordingly, if the boat is not sold by the end of this year, the SEC likely will request in future filings that Mr. Metter's allotment for monthly living expenses be reduced accordingly.

  Finally, the SEC has recently learned of two additional BTR affiliated checking accounts not previously identified to the SEC or the Court that should be included in the proposed Order at paragraph 1: a Bank of America account ending in 8167 for the KNUU station in Las Vegas, and a Bank of America account ending in 8170 for the WXBR station in Boston. We would like confirmation from BTR that there are no additional BTR-affiliated bank accounts that have not been previously identified to the SEC or the Court.

            Respectfully submitted,

            /s/ Paul W. Kisslinger
            Paul W. Kisslinger