

**DIVISION OF ENFORCEMENT**

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

Received
In Chambers of:
U.S. District Judge
DORA L. IRIZARRY

MAY 29 2012

CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ JUN 12 2012 ★
BROOKLYN OFFICE

Paul W. Kisslinger
Assistant Chief Litigation Counsel

Telephone (202) 551-4427
Facsimile (202) 772-9292
kisslingerp@sec.gov

May 25, 2012

By ECF and UPS

The Honorable Dora L. Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Securities and Exchange Commission v. Spongetech Delivery Systems, et al.,*
10-cv-2031-DLI-JMA (E.D.N.Y.)

Dear Judge Irizarry:

The SEC hereby submits settlement documents in this action memorializing the terms of a proposed settlement reached between the SEC and defendant Steven Y. Moskowitz.

Mr. Moskowitz has consented to the entry of a judgment, in the form of the proposed Judgment included in Attachment 1. The proposed Judgment would permanently enjoin Mr. Moskowitz from violating the provisions of the securities laws with which he was charged in the SEC's action, bar him from serving as an officer or director of a public company, and bar him from participating in an offering of penny stock. The proposed Judgment further provides that Moskowitz shall pay disgorgement of ill-gotten gains, civil penalties, and reimbursement pursuant to Section 304 of the Sarbanes-Oxley Act in amounts to be determined by the Court at a future date, upon motion of the Commission.

Submitted herewith are the following:
- Attachment 1: proposed Judgment as to Steven Moskowitz; and
- Attachment 2: executed Consent of Steven Moskowitz, to be filed with executed Judgment.

Respectfully submitted,

/s/ Paul W. Kisslinger

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

U.S. SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

       v.

SPONGETECH DELIVERY SYSTEMS, INC.,
RM ENTERPRISES INTERNATIONAL, INC.,
STEVEN Y. MOSKOWITZ, MICHAEL E.
METTER, GEORGE SPERANZA, JOEL
PENSLEY, and JACK HALPERIN,

                Defendants.

Case No. 10-CV-2031
(DLI) (JMA)

---

## JUDGMENT AS TO DEFENDANT STEVEN MOSKOWITZ

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Steven Moskowitz ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, successors-in-interest, and assigns, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15

U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, successors-in-interest, and assigns, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, successors-in-interest, and assigns, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

3

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, successors-in-interest, and assigns, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rule 13a-13 [17 C.F.R. §§ 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that fails to file such quarterly reports as the Commission prescribes, or such information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l].

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, successors-in-interest, and assigns, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and Exchange Act Rules 12b-20, 15d-1, 15d-11, and 15d-13 [17 C.F.R. §§ 240.12b-20, 15d-1, 15d-11, and 15d-13] by knowingly or recklessly providing substantial assistance to an issuer that fails to file with the Commission accurate and complete information, documents, and reports as are

required to be filed with the Commission pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o] and the Commission's rules thereunder, including, but not limited to, annual reports as required by Exchange Act Rule 15d-1 [17 C.F.R. § 240.15d-1], current reports on Form 8-K as required by Exchange Act Rule 15d-11 [17 C.F.R. § 240.15d-11], and quarterly reports on Form 10-Q as required by Exchange Act Rule 15d-13 [17 C.F.R. § 240.15d-13], and which contain, in addition to the information expressly required to be included in such statements or reports, such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading, as required by Exchange Act Rule 12b-20 [17 C.F.R. § 240.12b-20].

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, successors-in-interest, and assigns, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to an issuer that fails (A) to make or keep books, records, or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of its assets; or (B) to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(a) transactions are executed in accordance with management's general or specific authorization;

    (b)    transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

    (c)    access to assets is permitted only in accordance with management's general or specific authorization; and

    (d)    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, successors-in-interest, and assigns, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Section 13(b)(5) and Exchange Act Rule 13b2-1 by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying, directly or indirectly, or causing to be falsified, books, records, or accounts maintained pursuant to Exchange Act Section 13(b)(2) [15 U.S.C. § 78m(2)].

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, successors-in-interest, and assigns, and all persons in active concert or participation with them who receive actual notice of

this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2], by, directly or indirectly:

    (a)    making or causing to be made a materially false or misleading statement to an accountant, or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with: (i) any audit, review, or examination of the financial statements of an issuer, or (ii) in the preparation or filing of any document or report required to be filed with the Commission; or

    (b)    taking action, or directing another to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of an issuer's financial statements or documents or reports required to be filed with the Commission, while knowing that such actions, if successful, could result in rendering financial statements materially misleading.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, successors-in-interest, and assigns, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 15d-14 [17 C.F.R. § 240.15d-14], by falsely certifying that they have reviewed periodic reports containing financial statements which an

issuer filed with the Commission pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and that, based on their knowledge,

(a) the report does not contain any untrue statement of material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report;

(b) the financial statements and other financial information included in the report fairly present in all material respects the issuer's financial condition, results of operations and cash flows; and

(c) they have disclosed to the issuer's auditors and the audit committee of the issuer's board of directors (or persons performing the equivalent functions) all significant deficiencies and material weaknesses in the design or operation of internal controls over financial reporting and all instances of fraud that involve management or other employees with a significant role in the issuer's internal controls over financial reporting.

X.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## XII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, successors-in-interest, and assigns, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books, and records, that are in the possession, custody or control of the Defendant, the Defendant's agents, employees, servants, accountants, financial or brokerage institutions, successors-in-interest, assigns, or attorneys, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Defendant's finances or business operations, or the offer, purchase or sale of the securities of Spongetech delivery Systems, Inc. ("Spongetech") and the use of proceeds therefrom.

## XIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall also reimburse, pursuant to Section 304 of the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley Act") [15 U.S.C. § 7243], to Spongetech, cash bonuses, profits from Spongetech stock sales, any Spongetech stock options, and any other incentive-based and equity-based compensation Defendant received from Spongetech during 2007 to present, to the extent such proceeds are not otherwise ordered to be disgorged. The Court shall determine the amounts of the disgorgement, civil penalty, and reimbursement upon motion of the Commission. Prejudgment interest shall be calculated from May 5, 2010, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement, civil penalties and/or reimbursement, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## XIV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall file with this Court and serve upon Plaintiff the SEC, within 14 business days, or within such extension of time as the SEC agrees to, a verified written accounting, signed by Defendant, and under penalty of perjury, of:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets and income received by Defendant, for his direct or indirect benefit, at any time from January 1, 2007, through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of Defendant; and

(4) All assets, funds, securities, and real or personal property received by Defendant, or any other person or entity controlled by him, from persons who provided money to Defendant in connection with the offer, purchase or sale of Spongetech securities, from January 1, 2007, to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

## XV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant Steven Moskowitz is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XVI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that nothing in this Order affects the asset freeze previously ordered against Defendant Steven Moskowitz on March 14, 2011, which remains in full force and effect.

## XVII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of making the determinations as to monetary relief, including those set forth in paragraph XIII above, and for enforcing the terms of this Judgment.

So Ordered

Dated: June 1, 2012
Brooklyn, NY

s/DLI
_____
UNITED STATES DISTRICT JUDGE